UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-154(DSD)

United States of America,

        Plaintiff,

v.                                                              **ORDER**

Amri Elsafy,

        Defendant.

    This matter is before the court upon the pro se motion by defendant Amri Elsafy to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

    On June 1, 2011, Elsafy pleaded guilty to one count of conspiracy to commit mortgage fraud, in violation of 28 U.S.C. § 371. In the plea agreement, the parties stipulated to an advisory guideline range of 46-57 months. ECF No. 6 ¶ 7. Elsafy reserved the right to move for a downward departure or variance, but did not reserve the right to challenge the stipulated guideline calculation. See id. Elsafy also waived the right to appeal any sentence under 57 months. Id. ¶ 13. The presentence investigation report (PSR) determined, consistent with the plea agreement, that Elsafy's advisory range was 46-57 months.

At sentencing, the court adopted the PSR, granted the government's motion for a downward departure based on substantial assistance, and sentenced Elsafy to a year and a day of imprisonment. Elsafy did not appeal.

Elsafy now moves for relief under § 2255, arguing that the could should retroactively apply a recent amendment to Guidelines § 3B1.2 and lower his sentence accordingly.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

2

Elsafy argues that the court should reduce his sentence because he played a minor role in the conspiracy. Elsafy relies on a relatively recent amendment to guidelines commentary noting that a defendant may be considered a "minor participant" if he did "not have a proprietary interest in the criminal activity and [was] simply being paid to perform certain tasks." U.S.S.G. § 3B1.2, Application Note 3(C).

As a threshold matter, denial is warranted because "ordinary questions of guideline interpretation falling short of the miscarriage of justice standard do not present a proper section 2255 claim." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Elsafy does not argue that there was a miscarriage of justice, nor does the record support such a finding.

Elsafy's motion also fails for three additional reasons. First, Elsafy effectively waived the motion in the plea agreement by stipulating to the guideline range ultimately adopted by the court. Second, the factual basis in the plea agreement details Elsafy's average, rather than minor, participation in the scheme. See ECF No. 6 ¶ 2. Third, the amendment Elsafy relies on was in effect at the time of his sentence and thus cannot serve as a new basis for a sentence reduction.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional

right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Elsafy's claim is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 39] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 16, 2016

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court